UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60339-CIV-ZLOCH

SAND DOLLAR DISTRIBUTIONS,
INC.,

        Plaintiff,

**FINAL ORDER OF DISMISSAL
AS TO COUNTS III, IV, V & VI**

vs.

L.V. DIRECT WHOLESALERS, INC., et al.,

        Defendants.
_____/

THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

Plaintiff has filed a Complaint (DE 1) which alleges trademark infringement, unfair trade under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §§ 501.201, *et. seq.*, intentional interference with business relationships, and two counts of conspiracy to commit a wrong.

The Court notes that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005), citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of

which the district courts have original jurisdiction." 28 U.S.C. § 1367(a) (2006). Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States" or "arising under any Act of Congress regulating commerce." 28 U.S.C. § 1331 (2006). "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues." Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).

In the Complaint (DE 1), Plaintiff asserts claims pursuant to the Lanham Act, 15 U.S.C. §§ 1114, et. seq. and Florida state law. The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331 as to the Plaintiff's federal claim, and 28 U.S.C. § 1367 as to the state law claims. Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (2006). It is clear that this Court has original jurisdiction over the federal law claim asserted in Count I pursuant to 28 U.S.C. § 1331. After reviewing Plaintiff's Complaint herein, the Court finds that the state law claims against Defendants, as asserted in Counts III, IV, V & VI are so related to

2

the federal claims in the instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a) (2006). Therefore, this Court has the authority to exercise supplemental jurisdiction over the state law claims in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here. In 1990, Congress codified the formerly well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966). 28 U.S.C. § 1367(c) provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law, [or]
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .

Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, the Court finds that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts III, IV, V & VI of the Complaint (DE 1) because those claims present questions of state law which would otherwise predominate over the federal claims present here. The Court finds that such state law claims would tend to dominate the federal claims and obscure the significance of the federal claims. See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993). Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and dismiss the state law claims set forth in Counts III, IV, V & VI as such state law claims present both novel and complex questions of state

3

law which would otherwise predominate over the federal claims presented here.[1]

The Court recognizes that current trends in the law favor expanded federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Dismissal, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's claims raised in Counts III, IV, V & VI of the Complaint (DE 1) be and the same are hereby **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of June, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

---

[1] The Court directs the Plaintiff to 28 U.S.C. § 1367(d) which tolls the limitations period on these claims for thirty (30) days, unless state law provides for a longer tolling period, so that the claims may be refiled in state court.